IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK BURKENHOLDER<br>547 E. MARWOOD ROAD<br>PHILADELPHIA, PA 19120 | CIVIL ACTION NO. |
| V. | |
| THE CITY OF PHILADELPHIA<br>C/O CITY OF PHILADELPHIA<br>LAW DEPARTMENT<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102 | 09   5457<br><br>JURY TRIAL DEMANDED |
| AND | |
| CURRENTLY UNAMED AND<br>UNKNOWN CITY OF<br>PHILADELPHIA POLICE OFFICERS | |
| AND | |
| DEFENDER'S ASSOCIATION OF<br>PHILADELPHIA,<br>1441 SANSOM STREET<br>PHILADELPHIA, PA 19103 | |

## COMPLAINT

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. S 1983. Jurisdiction is based on 28 U.S.C. S 1331 and 1343 (1), (3) (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and adjudicate state law claims pursuant to 28 U.S.C. S 1367 (a) to hear and adjudicate state law claims.

### PARTIES

2. Plaintiff, Frederick Burkenholder who has an address of 547 E. Marwood Road, Philadelphia, PA 19120.

3. Defendant, the City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employes the currently unamed and unknown City of Philadelphia Police officers referred to in the caption above.

4. The currently unamed and unknown City of Philadelphia Police Officers are employees of the City of Philadelphia, and at all times relevant to the averments of this Complaint were acting under color of state law, and are being sued in their official and individual capacities.

5. The Defender's Association of Philadelphia is an entity which employs attorneys who represent criminal defendants in the City of Philadelphia, pursuant to contract.

FACTUAL ALLEGATIONS

6. On May 12, 2009, in the early morning, Plaintiff was getting ready for work, when around five or six police officers responded to his residence, with guns drawn and forcibly seized, arrested and searched him - Plaintiff was unarmed and in no way resisted the police; Upon his belief, the police did not knock before they entered the home.

7. Plaintiff's young daughter observed his forceful arrest described in paragraph 6 above, and she became extremely emotionally distressed and fearful.

8. Plainitff was taken to the 24th Police District, and was informed that he was being arrested for attempted murder and robbery for an incident which had occurred several days earlier, at the location of around D Street and Wyoming Avenue in Philadelphia, PA.

9. The police informed Plaintiff that he had been identified by two witnesses, from a photograph of him; they also informed him of two different versions of the incident, the first being that the suspect had approached the victims, with two other perpetrators to rob them and then said, lets just shoot them, and then discharged his handgun; the second incident described was that the shooter was actually "hanging out" with the alleged victims, and that he decided to rob them at gunpoint.

10. Police indicated that the suspect in the incident for which Plaintiff was arrested, was wearing his hair in a braided and/or dreaded hairsytle.

11. The Police were in possession of a police photograph of Plaintiff from around 2004, when he was arrested on other charges, in which

he did have a braided hairstyle.

12. Plaintiff did not have a braided hairstyle at the time of his arrest on May 12, 2009, and informed police that they could verify that he had not had such a hairstyle at the time of the incident, including that: when he was released from the Philadelphia House of Corrections in June 2008, his prison photograph revealed a short unbraided hairstyle; that numerous witnesses could corroborate his physical appearance lacked braids, including his mother, his daughter's mother, his girlfriend and his employer (Plaintiff was a full time car salesman in Philadelphia at the time of his arrest and was successful in his profession).

13. Plaintiff also showed/informed police that his driver's license photograph taken in March 2009, showed his present hairstyle and appearance which reflected a short cropped hairstyle, lacking braids.

14. Plaintiff informed the police that he had an alibi for the time of the alleged attempted murder and robbery, however upon his information and belief, the police refused to contact his witness, the person whom he was with (his girfriend) at the time of the alleged crime.

15. Upon information and belief, the police also refused to interview any of the witnesses who would corroborate Plaintiff's statement that he did not wear braids at the time of the incident.

16. The police did not inform Plaintiff of any other identifying information for the suspect, other than his hairstyle and his race.

17. One police officer believed to be from the "warrant unit", stated that he did not believe that the police had arrested the right person.

18. As a result of his arrest, Plaintiff was imprisoned at the Philadelpia prison, "CFCF", releasable upon posting bail in the amount of $75,000.00 (seventy five thousand dollars and zero cents).

19. Plaintiff was unable to post bail for around three weeks, during which time he remained in prison.

20. While in prison, Plaintiff experienced severe emotional distress from being imprisoned for a crime he had not committed, from being separated from his daughter, from missing his employment, and the fear that he might lose

his job, from being attempted to be assaulted by another inmate, and observing other assaults of other inmates, including multiple stabbings.

21. Plaintiff was able to post bond approximately three weeks after his arrest, paying ten per cent of the bail that was imposed.

22. From the time of his arrest until August 5, 2009, Plaintiff had three scheduled preliminary hearings; no alleged identification witnesses ever appeared at any of the preliminary hearings.

23. At his final preliminary hearing on August 5, 2009, Plaintiff's attorney indicated that he could not locate his file in the matter.

24. Upon information and belief, from the time of his initial legal representation by the Defender's Association of Philadelphia, his legal counsel failed to do the following:

a. make a motion to lower his bail while he was incarcerated;

b. present Plaintiff's alibi evidence to the police, Philadelphia District Attorney's Office and the Court;

c. present evidence disproving Plaintiff's alleged indentification to the police, the Philadelphia District Attorney or the Court;

d. make any appropriate motion for Plaintiff's release from prison and for the timely dismissal of all charges against him;

e. properly interview Plaintiff and investigate his exculpatory evidence, including his witnesses.

25. The Philadelphia Police Department intentionally arrested Plaintiff without probable cause, and intentionally withheld exculpatory evidence from the Philadelphia District Attorney's Office and the Court, to attempt to have Plaintiff convicted of crimes on a false basis and/or to merely have him imprisoned falsely until the Court dismissed the charges against him, for lack of evidence.

26. The Philadelphia Police Department intentionally refused to properly investigate Plaintiff's case, because it desired to have him falsely imprisoned - one such motive for its actions, was that Plaintiff had a prior record, and the police desired to further punish him for such past record, although he had completed his sentence on such record.

27. The police intentionally ignored and witheld Plaintiff's exculpatory evidence, because its' Defendant officers wanted to falsely arrest and

imprison Plaintiff.

28. The level of force which the Philadelphia Police Department used to arrest Plaintiff was excessive under the facts, including that he posed no physical threat to them.

29. The Philadelphia Police Department intentionally used an outdated photograph of Plaintiff in conspiracy to have him falsely arrested, with the knowledge that it did not have enough evidence for probable cause to arrest him; intentionally conspiring to have him imprisoned based on misleading and stale evidence, and based on overly suggestive identification procedures, which they knew violated his civil rights.

30. The Defendder's Association of Philadelphia intentionally did nothing on behalf of Plaintiff to secure his earliest release from incarceration on bail, and to have all charges against him dismissed for lack of evidence.

31. As a result of all Defendants, Plaintiff experienced and continues to experience severe emotional distress, including anxiety, anger, embarrassment, humiiliation and fear, as a result of being falsely arrested and seized at gunpoint and falsely imprisoned for a crime he did not commit.

32. As a result of all Defendants' conduct, Plaintiff experiences physical damages in the form of headaches and anxiety symptoms as a reaction to Defendants' conduct described above.

33. As a result of his false imprisonment, Plaintiff suffered lost income for the period of time that he was unable to work at his full time job.

### FIRST CAUSE OF ACTION

34. Plaintiff incorporates paragraphs 1-33 above as though fully set forth herein by reference.

35. As a direct and proximate result of the Defendants' conduct, including that of the City of Philadelphia and its' Police Department and Police Officers, which was committed under color of state law, Plaintiff was deprived of his right to be free from false arrest, unreasonable and excessive force, unlawful seizure, and false imprisonment. As a result of the Defendants'conduct Plaintiff suffered violation of his rights under

the laws and the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. S 1983.

36. As a direct and proximate result of the acts of the Defendants, Plaintiff has suffered and conintues to suffer severe emotional distress, loss of enjoyment of life, and economic loss, all to his detriment and harm.

37. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following police patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. Intentionally falsely arresting citizens of Philadelphia, with the knowledge that they do not have sufficient evidence to satisfy probable cause, and conspiring to have such citizens arrested with misleading and stale evidence, upon their malicious desire to have persons who have committed crimes in the past further punished for those crimes, with the knowledge that they have served their sentences for the prior crimes.

b. The intentional failure to investigate, evaluate and provide exculpatory evidence to the Philadelphia District Attorney's Office, in an attempt to deceive it and the Court regarding the viability of criminal charges;

c. The use of unreasonable force, including potentially deadly force, excessive force and unlawful seizure by police;

d. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force and unlawful seizure;

e. fabricating evidence to the Philadelphia District Attorney's Office and witholding exculpatory evidence from it and the Court;

f. The monitoring of police officers whom it knew of should have known were suffering from emotional and/or psychological problems which impaired their ability to function as officers;

g. The failure to identify and take remedial or disciplinary action against police officers who were subject of prior

civilian or interal complaints of misconduct;.

h. Police officers' use of their status as police officers to selectively provide false and misleading evidence to the Philadelphia District Attorney's Office and the Court to attempt to ensure convictions and/or false imprisonment pending preliminary hearings and/or trials, against persons whom they selectively desire to be punished, including ex-convicts who have served their sentences.

i. unlawful arrest, or to achieve ends not reasonably related to their police duties; and

j. The failure of police officers to follow established policies, procedures, directives and instructions regarding how to properly investigate crimes, including investigating exculpatory evidene and properly presenting it to the District Attorney's Office and the Court.

h. using improper techiniques to obtain false indentications of criminal suspects, including using misleading and stale photographs to mislead and deceive witnesses;

38. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as Plaintiff.

39. Defendants have by the above described actions deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. S 1983.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;
b. Punitive damages;
c. Reasonable Attorney's Fees and Costs;
d. Such other and further relief as appears reasonable and just;
e. A jury trial as to each Defendant as as to each count.

## SECOND CAUSE OF ACITON
## SUPPLEMENTAL STATE CLAIMS

40. Plaintiff incorporates paragraphs 1-39 above as though fully set forth herein.

41. The acts and conduct of the City of Philadelphia Defendants, including its' Police Officers, in this cause of action constitute assault, battery, defamation, invasion of privacy, including false light privacy, intentional infliction of emotional distress, under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable Attorney's fees and costs;

d. Such other and further relief as appears reasonable and just; and

e. A jury trial as to each Defendant and as to each count.

## THIRD CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

42. Plaintiff incorporates paragraphs 1-41 as though fully set forth herein.

43. The acts and conduct of the Defenders' Association of Philadelphia, including its' ommissions, in this action, constitute legal malpractice and negligence; If not for its' acts and/or ommissions, Plaintiff would have not had to remained in prison for the time he did, and subject to the period of time, for which he was pending criminal prosecution, all of which caused him extreme emotional distress, grossly and/or intentionaly/recklessly failing in its' duty to zealously represent Plaintiff.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable Attorney's fees and costs;

d. a jury trial as to each Defendant and as to each count.

_____
Reginald Allen, Esquire
Attorney ID No. 77083
7601 Crittenden Street
Unit F-12
Philadelphia, PA 19118
(215) 242-3875
Attorney for Plaintiff